AO 245B (8/96 Rev. locally 9/97) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

PEDRO LUIS CHRISTOPHER TINOCO

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:00-cr-210-T-30TBM
Defendant's USM No.: 39117-018

Defendant's Attorney: Stephen Leal, cja

THE DEFENDANT:
__ pleaded guilty to count(s) .
__ pleaded nolo contendere to count(s) which was accepted by the court.
 X  was found guilty on count(s) One and Two of the Superseding Indictment after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 46 U.S.C. § 1903(j) | Conspiracy to Possess With Intent to Distribute Cocaine | June 18, 2000 | One |
| 46 U.S.C. § 1903 (a), (g) and 18 U.S.C. § 2 | Possess With Intent to Distribute Cocaine | June 18, 2000 | Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

__ The defendant has been found not guilty on count(s)
 X  Count(s) One and Two of the original indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: February 14, 2001

*(signature)*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: May 16, 2011

AO 245B (8/96) Sheet 2 - Imprisonment

Defendant: PEDRO LUIS CHRISTOPHER TINOCO  
Case No.:   8:00-cr-210-T-30TBM

Judgment - Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO-HUNDRED and TEN (210) MONTHS as to Counts One and Two of the Superseding Indictment, both terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons: The Defendant shall be incarcerated in a correctional institution that offers the UNICOR program.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

                                      _____
                                      United States Marshal

                                           By:_____
                                           Deputy Marshal

AO 245B (8/96 Rev. locally 9/97) Sheet 3 - Supervised Release

Defendant: PEDRO LUIS CHRISTOPHER TINOCO  
Case No.: 8:00-cr-210-T-30TBM  
Judgment - Page 3 of 6

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One and Two of the Superseding Indictment, both term to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (Rev 3/01) Sheet 3a - Supervised Release

Defendant:  PEDRO LUIS CHRISTOPHER TINOCO                                    Judgment - Page  4  of  6
Case No.:        8:00-cr-210-T-30TBM

## SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

X   If deported, the defendant shall not re-enter the United States without the express permission of the appropriate governmental authority.

X   The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as directed by the probation officer.

AO 245B (Rev 3/01) Sheet 5, Part A - Criminal Monetary Penalties

| Defendant: | PEDRO LUIS CHRISTOPHER TINOCO | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:00-cr-210-T-30TBM | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| Totals: | $200.00 | Waived | N/A |

__ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ ___ | $ ___ | |

__ If applicable, restitution amount ordered pursuant to plea agreement $ _____.

__ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest, and is ordered that;

   __ the interest requirement is waived for the ___ fine and/or ___ restitution.

   __ the interest requirement for the ___ fine and/or ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 3/01) Sheet 5 Part B - Criminal Monetary Penalties

| Defendant: | PEDRO LUIS CHRISTOPHER TINOCO | Judgment - Page 6 of 6 |
|---|---|---|
| Case No.: | 8:00-cr-210-T-30TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. __X__ Lump sum payment of $ 200.00 is due immediately;

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ E below); or

C. ___ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after date of this judgment; or

D. ___ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of __, (e.g., months or years) to commence _ after release from imprisonment to a term of supervision; or

E. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

_ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.